IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Congaree Riverkeeper, Inc., | ) | |
| | ) | Civ. Action No. 3:15-cv-194 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Carolina Water Services, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Congaree Riverkeeper, Inc. ("Plaintiff"), brings this action pursuant to the citizen-suit provision of the Clean Water Act, 33 U.S.C. § 1365, against Defendant Carolina Water Services, Inc. ("Defendant"). In its Complaint, Plaintiff asserts three causes of action against Defendant:

1) A violation of Defendant's National Pollution Discharge Elimination System ("NPDES") permit condition requiring connection of the facility to the regional system

2) A violation of the relevant Section 208 Plan, issued pursuant to 33 U.S.C. § 1288, which also requires connection of the facility to the regional system

3) Violation of the NPDES permit conditions regarding effluent limitations and other standards.

ECF No. 1. On March 16, 2015, Defendant moved to dismiss the first two causes of action. Defendant argued (1) that neither is among the specifically enumerated categories of violations that give rise to a citizen suit under the Clean Water Act; (2) that Plaintiff lacks standing to bring both claims because neither is caused by or traceable to Defendant, nor are they redressable; and (3) that both are barred by the applicable statute of limitations. ECF No. 7. Plaintiff filed a

response in opposition on April 17, 2015.  ECF No. 13.  Defendant filed a reply on May 1, 2015.  ECF No. 16.  The Court held a hearing on the motion to dismiss on June 18, 2015.  ECF No. 19.  At the close of the hearing, the Court denied Defendant's motion to dismiss.  *Id*.  This order formalizes the rulings made by the Court at the close of the June 18 hearing.

The Court concluded that § 1365 authorizes citizen suits for violations of NPDES permits or conditions thereof.  *See* 33 U.S.C. § 1365(f); *Sierra Club v. Simkins Indus. Inc.*, 847 F.2d 1109 (4th Cir. 1988).  Because the interconnection provision of the NPDES permit that is the subject of Plaintiff's first cause of action may be a condition of the permit as alleged in the Complaint and therefore enforceable via § 1365, the Court denied Defendant's motion to dismiss that cause of action as being outside the scope of § 1365.  With the consent of Plaintiff, however, the Court dismissed Plaintiff's second cause of action relating to the Section 208 Plan.

Defendant contended that Plaintiff does not have standing to bring the first cause of action.  The Court concluded at the June 18 hearing that Plaintiff has produced sufficient evidence to demonstrate standing.   The judicial power of the federal courts extends only to "Cases" and "Controversies."  U.S. Const. Art. III, § 2.  The "irreducible constitutional minimum" of standing has three elements.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  First, a plaintiff must have suffered an injury in fact which is (a) concrete and particularized and (b) actual or imminent.  *Id*.  Second, there must be "a causal connection between the injury and the conduct complained of," i.e., the injury has to be "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court."  *Id*. (alterations incorporated; citations omitted).  Third and finally, it must be likely that the injury will be redressed by a favorable decision.  *Id*. at 561.  The party

invoking federal jurisdiction bears the burden of establishing these elements. *Id.* "[E]ach element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e. with the manner and degree of evidence required at the successive stages of the litigation." *Id*. Having considered the affidavits submitted by Plaintiff and the arguments of the parties, the Court concluded that Plaintiff made the requisite showing of standing at the motion to dismiss phase, having sufficiently alleged an injury caused by Defendant that would be redressable by an order of the Court. The Court's ruling is without prejudice to Defendant's right to again raise the issue of standing at a future point in this proceeding because standing is a foundational requirement for the exercise of the judicial power by this Court.

Defendant also argued that Plaintiff's first cause of action was barred by the five-year statute of limitations contained in 28 U.S.C. § 2462. Plaintiff countered that the alleged violation was a continuing violation. Citizen-plaintiffs show an ongoing violation "either (1) by proving violations that continue on or after the date the complaint is filed, or (2) by adducing evidence from which a reasonable trier of fact could find a continuing likelihood of a recurrence in intermittent or sporadic violations. Intermittent or sporadic violations do not cease to be ongoing until the date when there is no real likelihood of repetition." *Chesapeake Bay Found., Inc. v. Gwaltney of Smithfield, Ltd.*, 844 F.2d 170, 171-72 (4th Cir. 1988). Assuming for the purposes of the motion to dismiss that Defendant's failure to connect its facility to the regional system is a violation of the permit, the Court concluded that the violation as alleged is ongoing because discharge from the facility is alleged to be regularly entering the Lower Saluda River.

Finally, the Court notes that its decision on the motion to dismiss in no way passes on the merits of the first cause of action asserted by Plaintiff. Several questions remain open, including,

among others, whether the connection language of the permit is indeed a condition of the permit, whether such connection, if required by the permit, is available to Defendant, whether connection is required by the Clean Water Act, and whether this Court can or should order Defendant to connect its facility to the regional system.

In accordance with the foregoing and in conformity with the ruling made by the Court at the June 18 hearing, Plaintiff's second cause of action is **dismissed** and the remainder of Defendant's motion to dismiss (ECF No. 7) is **denied**.

**IT IS SO ORDERED.**

  s/ Margaret B. Seymour  
Margaret B. Seymour  
Senior United States District Judge

Columbia, S.C.  
June 25, 2015